UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    By the United States Attorney<br>    For the District of Columbia<br>    555 4th Street, NW<br>    Washington, D.C. 20530<br><br>    Plaintiff,<br><br>v.<br><br>ALAN MAUK ASSOCIATES, LTD.<br>    2121 Jamieson Avenue, #1405<br>    Alexandria, VA 22314<br><br>and<br><br>ALAN MAUK<br>    3301 Hoopers Island Road<br>    Church Creek, MD  21622<br><br>    Defendants. | Civil Action No. 14-cv-409 |

## COMPLAINT

Plaintiff, the United States of America, by its undersigned counsel, brings this civil action under the Lobbying Disclosure Act, 2 U.S.C. § 1601 *et seq.*

### BACKGROUND

1.  This case arises from the repeated failure of Alan Mauk and Alan Mauk Associates, Ltd., (hereinafter referred to as Defendants) to comply with the reporting requirements of the Lobbying Disclosure Act (LDA), 2 U.S.C. § 1601 *et seq.*  Despite being provided with numerous notices of their noncompliance, Defendants have repeatedly and routinely failed to file lobbying disclosure reports as is required under the LDA.  Accordingly, Defendants are liable for civil

penalties under the LDA.

## JURISDICTION AND VENUE

2.   This action arises under the Lobbying Disclosure Act, 2 U.S.C. § 1601 *et seq.*, and 28 U.S.C. § 2461(a).   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345, 28 U.S.C. § 1331, 28 U.S.C. § 2461(a) and 2 U.S.C. § 1605(a)(8).

3.   This Court has personal jurisdiction over the Defendants pursuant to 31 U.S.C. §3732(a), because Defendants conducted business and engaged in lobbying before the United States House of Representative and the United States Senate in the District of Columbia.

4.   Venue is proper in the District of Columbia pursuant to 2 U.S.C. § 1605(a)(8), 28 U.S.C. § 1391(b), and 28 U.S.C. § 1395(a), because the acts proscribed by the LDA, which are complained of herein, occurred in the District of Columbia.

## PARTIES

5.   Plaintiff, the United States of America.

6.   Defendant Alan Mauk Associates, Ltd., is a firm engaged in lobbying before the United States House of Representative and the United States Senate, and has its headquarters at 2121 Jamieson Avenue, #1405, Arlington, VA 22314.

7.   Defendant Alan Mauk is a lobbyist engaged in lobbying before the United States House of Representative and the United States Senate, and is the President and owner of Alan Mauk Associates, Ltd.

## THE LOBBYING DISCLOSURE ACT

8.   The LDA requires all persons and/or organizations engaged in lobbying activities before the United States Congress to register with the Secretary of the Senate (Senate) and the Clerk of the House of Representatives (House).   2 U.S.C. § 1603.   Thereafter, all registrants

must submit quarterly reports to both the Senate and the House regarding their lobbying activities (LD-2 reports). All registrants, as well as their individual employees who are lobbyists, must also file semi-annual reports with the Senate and House to disclose their political contributions (LD-203 reports). 2 U.S.C. § 1604. A separate report is required for each client on whose behalf Defendants engage in lobbying activities. *Id.*

9. The purpose of the LDA is to increase "public awareness of the efforts of paid lobbyists to influence the public decision making process in both the legislative and executive branches of the Federal Government" and to increase public confidence in the integrity of Government. 2 U.S.C. § 1601.

10. Registrants who fail to timely file an LD-2 or LD-203 are subject to civil fines of not more than $200,000 for each violation, and criminal imprisonment of not more than 5 years imprisonment for knowingly and corruptly failing to comply, or both. 2 U.S.C. § 1606.

## FACTS

11. Between 2009 and 2013, Defendants failed to timely file the requisite LD-2 quarterly reports (disclosing their lobbying activities) on at least thirteen (13) occasions.

12. Between 2009 and 2013, Defendants failed to timely file the requisite LD-203 semi-annual reports (disclosing their political contributions) on at least thirteen (13) occasions.

13. Defendants have been notified by the House and Senate of their failure to file the quarterly LD-2 reports, not less than nine (9) times.

14. Defendants have been notified by the House and Senate of their failure to file the semi-annual LD-203 reports no less than thirteen (13) times.

15. Over sixty (60) days have passed since the notices were sent to Defendants by the House and the Senate, and Defendants have still not filed the required reports, thereby triggering the LDA's penalties provision. 2 U.S.C. § 1606.

## COUNT I
### (Violations of 2 U.S.C. § 1604(a))

16   The United States realleges and incorporates paragraphs 1-15 above as if fully set forth herein.

17. By their actions, Defendants violated the LDA, and continue to violate the LDA, in that they are registered lobbyists under the LDA who have failed to file quarterly LD-2 reports regarding their lobbying activities and knowingly failed to remedy their noncompliance within sixty days after notice from either the House or the Senate. As a result of these actions, Defendants are subject to civil penalties of up to $200,000 for each violation. 2 U.S.C. § 1606(a).

## COUNT II
### (Violations of 2 U.S.C. § 1604(d))

18. The United States realleges and incorporates paragraphs 1-17 above as if fully set forth herein.

19. By their actions, Defendants violated the LDA, and continue to violate the LDA, in that they are registered lobbyists under the LDA who have failed to file semi-annual LD-203 reports regarding their political contributions and knowingly failed to remedy the noncompliance within sixty days after notice from either the House or the Senate. As a result of these actions, Defendants are subject to civil penalties of up to $200,000 for each violation. 2 U.S.C. § 1606(a).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff United States of America respectfully requests that the Court:

A. Enter judgment for the United States against each Defendant for each violation of 2 U.S.C. § 1604 set forth in Counts I and II of this Complaint and impose appropriate penalties for each such violation;

B. Enter judgment for the United States and against Defendants in the amount of the 10 percent surcharge to the extent provided by 28 U.S.C. § 3011; and

C. Grant such other and further relief as this Court deems necessary and appropriate.

Respectfully submitted,

RONALD C. MACHEN JR., D.C. Bar # 447889
United States Attorney
District of Columbia

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

DARRELL C. VALDEZ, D.C. Bar # 420232
Assistant United States Attorney
Civil Division
555 Fourth Street, NW
Washington, DC 20530
Telephone: (202) 252-2507

Attorneys for the United States of America